**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PETER HELMUT BECKER, ) <br> ) <br> Defendant. ) | Case No. 09-CR-77-GKF <br> 12-CV-266-GKF-FHM |

## OPINION AND ORDER

This matter comes before the court upon defendant Peter Helmut Becker's motion to vacate, set aside, or correct his sentence. [Dkt. #41]. As Becker moves *pro se*, the court construes his pleadings liberally. *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).

### I. Procedural History

In June 2009, Becker pleaded guilty to receiving and attempting to receive child pornography, and to possessing child pornography. [Dkt. #17, p. 3]. Prior to sentencing, Becker objected to the use of a prior Illinois conviction for indecent solicitation of a child to trigger applications of mandatory minimum sentences. [Dkt. #20]. These mandatory minimum sentences apply where a defendant convicted of receiving or possessing child pornography has a prior conviction "relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward." 18 U.S.C. § 2251(e). Because the individual Becker had solicited under the belief that she was a 14-year-old girl was in fact an adult undercover law enforcement agent, Becker argues that his crime did not "relate to" sexual abuse involving a minor, as no minor was actually involved or harmed. [Dkt. #25, p. 2]. The court nevertheless overruled Becker's objection and sentenced Becker to the statutory minimum terms of 180 months for receiving and attempting to receive child pornography, and 120 months for possessing child

pornography, with both terms to be served concurrently. [Dkt. #27; #34, pp. 13, 15–16]. The Tenth Circuit affirmed on appeal, and Becker's writ of certiorari to the United States Supreme Court was denied. *United States v. Becker*, 625 F.3d 1309 (10th Cir. 2010), *cert. denied,* 131 S.Ct. 2961 (June 6, 2011).

In May 2012, Becker filed a motion under 28 U.S.C. § 2255, seeking to waive the applicable mandatory minimums for his sentences, vacate his conviction for receiving and attempting to receive child pornography, and reduce his sentence to 36 months. [Dkt. #42]. In his motion, Becker raises five arguments:

1. the Tenth Circuit's opinion affirming his sentence violated the Supreme Court's holding in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010);

2. Amendment 732 to the Sentencing Guidelines should have prevented the use of his Illinois conviction to enhance his sentence;

3. his convictions for both possession and receipt of child pornography violated the Fifth Amendment ban on Double Jeopardy;

4. the rule of lenity should have resolved the ambiguity as to whether his Illinois conviction could trigger the sentencing enhancement in his favor; and

5. his attorney rendered ineffective assistance by failing to address Amendment 732, argue Double Jeopardy, and assert the applicability of *Carachuri-Rosendo*.

*Id.* at 4–7.

## II. Discussion

### A. Section 2255 Motion to Vacate Sentence

In response to Becker's motion, the government contends that Becker's first four arguments are procedurally barred because he failed to raise them on direct appeal. [Dkt. #50, p. 10]. Generally, if a petitioner did not raise a claim on direct appeal, he may not raise it on collateral review unless he shows cause and prejudice. *See United States v. Frady*, 456 U.S. 152,

167–68 (1982). Here, Becker explains his failure to raise his claims on direct appeal by claiming that the issues for each argument "occurred as a direct result of Movant's direct appeal." [Dkt. #41, pp. 4–7]. Having failed to raise his *Carachuri-Rosendo*, Amendment 732, Double Jeopardy, and Rule of Lenity arguments before the Tenth Circuit to begin with, however, Becker can hardly lay his omission at the feet of the appellate court. The claims are therefore barred unless Becker can show both cause for the omission and "actual prejudice of a degree sufficient to justify collateral relief. . . ." *Frady* at 168.

The government argues that Becker cannot establish that he suffered "actual prejudice," because each of his arguments is in fact meritless. [Dkt. #50, pp. 12–13]. The court therefore reviews the merits of Becker's arguments in turn.

    *1)      Carachuri-Rosendo*

*Carachuri-Rosendo* concerned the deportation proceedings of the petitioner, a lawful permanent resident of Texas who had previously been convicted of possession of less than two ounces of marijuana, after a second conviction for possession of a single antianxiety tablet without a prescription. 560 U.S. at 570–71. Though Texas law allowed for a sentencing enhancement that could have resulted in more than one year in prison if the prosecutor brought proof of the petitioner's prior conviction, the State did not elect to offer such proof, and the petitioner therefore served a sentence of only ten days. *Id.* at 571. Soon after sentencing, the government initiated deportation proceedings in which the petitioner unsuccessfully argued that he was eligible for discretionary cancellation of removal, claiming he had not been convicted of an "aggravated felony." *Id.* On review, the court of appeals determined that where the petitioner could have been prosecuted with the recidivist enhancement—even though he was not—his conviction constituted an aggravated felony because the conduct underlying his conviction could have been prosecuted as a felony under federal law. *Id.* at 572–73. The Supreme Court

nevertheless rejected this "hypothetical approach," insisting instead that for a petitioner to qualify as having committed an "aggravated felony" under the Immigration and Nationality Act, he must have been "*actually convicted* of a crime that is itself punishable as a felony under federal law." *Id.* at 580, 582 (emphasis in original). "The mere possibility," the Court concluded, "that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal." *Id.* at 582.

Since the Court decided *Carachuri-Rosendo*, three circuit courts, including the Tenth Circuit, have determined that the Supreme Court's decision extends into the context of criminal sentencing, holding that facts used to enhance a sentence or a conviction must be part of a particular defendant's record of conviction. *See U.S. v. Brooks*, 751 F.3d 1204, 1213 (10th Cir. 2014) (holding that in determining whether a state offense was punishable by a certain amount of imprisonment, "the maximum amount of prison time a *particular* defendant could have received controls, rather than the amount of time the worst imaginable recidivist could have received") (emphasis in original); *U.S. v. Simmons*, 649 F.3d 237, 249 (4th Cir. 2011) (holding that where no findings of recidivism or aggravation appeared in the defendant's state record of conviction, those enhancements could not be considered in determining whether his offense constituted a federal felony); *U.S. v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011) (reversing a defendant's sentence where the recidivist finding necessary to trigger a sentencing enhancement was not part of the defendant's record of conviction).

Becker claims that in *Carachuri-Rosendo*, the Supreme Court prohibited the use of "hypothetical" practices and "required courts to only use those statutory provisions that are

clearly defined in the predicate laws for enhancement statutes." [Dkt. #41, p. 18]. Thus, he claims, the Tenth Circuit erred when it decided his case six months after *Carachuri-Rosendo* because it used a "hypothetical approach" when it determined that Becker's Illinois offense was "related to" sexual abuse involving a minor. *Id.* at 19.

But unlike *Carachuri-Rosendo*, or any of the circuit court cases cited above, the facts underlying Becker's prior conviction which triggered application of the mandatory minimum sentences are a matter of record. When this court determined that the mandatory minimum was required in Becker's case, it did not do so based on a hypothetical possibility that a defendant convicted of indecent solicitation of a child in Illinois may have committed an offense "relating to" sexual abuse involving a minor. Its determination was instead based on the conduct underlying the offense of which Becker was convicted, as established in the record. [Dkt. #34, pp. 10–13]. Likewise, the Tenth Circuit's affirmation on appeal was based on Becker's actual conduct. *See Becker*, 625 F.3d at 1312–13 (finding "no difficulty concluding that his previous conviction has a clear connection to (i.e., stands in relation to or pertains to) sexual abuse of a minor. . . . Becker intended to sexually assault or sexually abuse a child. That no child was actually involved in Becker's prior conviction is largely immaterial").

Nothing in *Carachuri-Rosendo* calls into question this court's legal conclusion, as affirmed on appeal, that Becker's previous offense "related to" sexual abuse involving a minor, and therefore triggered application of the mandatory minimum. The court thus finds that Becker's *Carachuri-Rosendo* argument is without merit, and that he was not prejudiced by his failure to raise it on appeal.

    2)     *Amendment 732*

Becker also argues that the court of appeals failed to take amendments to the sentencing guidelines into account when affirming his sentence. Amendment 732 amended commentary to

- 5 -

U.S. Sentencing Guidelines Manual § 2A3.2(b)(2)(B)(ii), which applies a four-level enhancement to the offense level for sexual abuse of a minor, 18 U.S.C. § 2243(a), if "a participant otherwise unduly influenced the minor to engage in prohibited sexual conduct." U.S. Sentencing Guidelines Manual § 2A3.2, cmt. n.3(B). The amendment added a paragraph to the commentary to explain that the enhancement did not apply if the minor was an undercover law enforcement officer. *Id.* This commentary nevertheless presents only a single exception to the general definition of "minor" in this section, which includes undercover law enforcement officers who represented that they were less than 16 years old. *Id.*, cmt. n.1. More importantly, the amendment concerns only the application of the enhancement to which it refers, and not to any enhancements which were applied in this case, such as the mandatory minimum under § 2252(b). Becker's Amendment 732 argument is therefore without merit as well, and as such, he was not prejudiced by the failure to raise it.

*3)  Double Jeopardy*

Becker next claims that his convictions for both receipt of child pornography under 18 U.S.C. § 2252(a)(2) and possession of child pornography under 18 U.S.C. § 2252(a)(4)(B) violate the constitutional protection against Double Jeopardy. Becker correctly notes that possession of child pornography is a lesser-included offense of receiving the same child pornography, and that convictions of both offenses violate the Fifth Amendment prohibition on Double Jeopardy where a defendant is charged with possessing and receiving the same images. *See United States v. Benoit*, 713 F.3d 1, 14 (10th Cir. 2013). While his receipt conviction was based on his receipt and attempt to receive a specific video file and a specific graphic file [Dkt. #2, p.1], however, his possession conviction was based on possession of different specific video and graphic files [*Id.* at 3]. Becker's convictions for receipt and possession of child pornography were therefore based on different conduct, and did not violate Double Jeopardy. *See United*

*States v. Sturm*, 673 F.3d 1274, 1288 (10th Cir. 2012) (rejecting Double Jeopardy challenge because the "government proved beyond a reasonable doubt that [the defendant] received at least one image of child pornography and possessed at least one different image of child pornography"). The failure to raise this claim therefore did not prejudice Becker.

        *4)*      *Rule of Lenity*

Becker also appears to argue that the rule of lenity bars application of § 2252(b) because of ambiguity and confusion in the statute. [Dkt. #41, p. 32]. The rule of lenity, however, "is not to be invoked lightly." *U.S. v. Wilson*, 10 F.3d 734, 736 (10th Cir. 1993). In particular, "a statutory scheme will not be deemed ambiguous only because the defendant has proffered a possible construction which is more narrow than what the government advocates." *Id.* Application of the rule is instead reserved "for those situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating policies of the statute." *Moskal v. United States*, 498 U.S. 103, 108 (1990) (emphasis in original) (internal quotations omitted).

Here, the court of appeals had "no difficulty concluding" that Becker's previous conviction triggered application of the mandatory minimum. *Becker,* 625 F.3d at 1312. As such, there was no lingering ambiguity. Even if Becker had invoked the rule of lenity on appeal, then, it would have availed him nothing. He therefore suffered no prejudice as a result of the omission.

        *5)*      *Ineffective Assistance of Counsel*

Finally, Becker argues that his counsel was ineffective for failing to address Amendment 732, argue Double Jeopardy, or assert the applicability of *Carachuri-Rosendo*. In order to obtain habeas relief for ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." *James v. Gibson,* 211 F.3d 543, 555 (10th Cir. 2000) (citing *Strickland v. Washington,* 466 U.S. 668, 687

(1984)). As determined above, however, each of Becker's claims is without merit. Becker therefore fails to show he was prejudiced by any alleged deficiency in his counsel's assistance. As such, his claim of ineffective assistance of counsel likewise fails.

Because each of his arguments is without merit, Becker's motion is denied.

### B. Certificate of Appealability

The *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. That standard demands that the issues raised are debatable among reasonable jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel,* 529 U.S. 473 (2000); *United States v. Blackstock*, 2012 WL 3646936 (N.D. Okla. Aug. 23, 2012).

Here, the court denies a certificate of appealability. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

### III. Conclusion

WHEREFORE, the section 2255 motion is denied. [Dkt. #41]. And the certificate of appealability is denied.

DATED this 17th day of September, 2014.

_Gregory K. Frizzell_
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT